IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service, and the UNITED STATES FOREST SERVICE,<br><br>Defendants.<br>_____/ | CASE NO. CV F 11-679 LJO DLB<br><br>**ORDER ON MOTION TO SEVER AND TRANSFER** (Doc. 33) |

## INTRODUCTION

This action challenges two of the public notice, comment, and administrative appeal regulations that the defendant United States Forest Service ("Forest Service") promulgated to implement the Forest Service Decisionmaking and Appeals Reform Act of 1992, Pub. L. 102-381, Title III,§ 322, 106 Stat. 1419 (16 U.S.C. §1612 note) (October 5, 1991) ("ARA"). The challenged provisions are codified at 36 C.F.R. §§215.4(a) and 215.12(f) (2003).[1] In this motion, the Forest Service moves to sever and transfer this action. The Forest Service argues that this action impermissibly joins ten separate Forest Service

---

[1] Unless otherwise noted, this Court's citation to a "Section" refers to a section within Chapter 36 of the Code of Federal Regulations.

1

projects or permits and should be severed for misjoinder under Fed. R. Civ. P. 21. The Forest Service further argues that the severed claims should be transferred to the judicial district encompassing the national forest where each claim arose, using its broad discretion pursuant to 28 U.S.C. §1404(a). In opposition, Plaintiffs assert that this is facial challenge of Sections 215.4(a) and 215.12(f). Plaintiffs demonstrate that the ten Forest Service projects and permits demonstrate the "pattern and policy" of the Forest Service concerning the same challenged regulations. Plaintiffs further assert that the Forest Service's motion is untimely. For the following reasons, this Court DENIES the Forest Service's motion to sever and transfer.

## Background

### Plaintiffs

Plaintiffs are local and regional environmental groups, organized as non-profit corporations. Sequoia Forestkeeper is based in the Eastern District of California. Conversation Congress and Earth Island Institute are based in Northern California. Oregon Wild is based in Oregon. Cascadia Wildlands is a regional organization, with offices in Oregon and Alaska. Ouachita Watch League is an Arkansas non-profit corporation. Utah Environmental Congress is based in Utah. Western Watersheds Project is an Idaho-based non-profit corporation. Wildearth Guardians has offices in New Mexico and Colorado.

### Plaintiffs' Allegations

The complaint asserts a facial challenge to Sections 215.4(a) and 215.12(f) pursuant to the Administrative Procedures Act, 5 U.S.C. §701 et seq. ("APA"). Plaintiffs argue that the two regulations are manifestly contrary to their governing statute, the ARA. Among other things, the ARA requires the Forest Service to establish a notice, comment and appeal process for "proposed actions of the Forest Service concerning projects and activities implementing land and resource management plans developed under the Forest and Rangeland Renewable Resources Planning Act of 1974...and [to] modify the procedure for appeal of decisions concerning such projects." ARA §322(a).

After the ARA was passed, the Forest Service published a final rule revising the notice, comment and appeal procedures. 68 Fed. Reg. at 33,582 (June 4, 2003) ("2003 Rule"). This rule governs "projects and activities implementing land and resource management plans on National Forest System lands." *Id*.

The new regulations are codified at 36 C.F.R. §215 et seq. ("215 Regulations").[2]

Plaintiffs argue that the two challenged 215 Regulations are manifestly contrary to the ARA. Specifically, Plaintiffs claim that the Forest Service has violated the ARA § 322(a) and (c) by issuing Sections 215.12(f) and 215.4(a), which exempt all decisions that are categorically excluded from National Environmental Policy Act ("NEPA") analysis[3] but which implement forest plans are and approved with "decision documents" from notice, comment and appeal and that by applying these regulations to exclude many projects from public notice, comment and appeal. Plaintiffs request this Court to find that the Forest Service violated the ARA by enacting Sections 215.4(a) and 215.12(f). The challenged regulations read, in relevant part:

> The following decisions and actions are not subject to appeal under this part, except as noted: . . . (f) Decisions for actions that have been categorically excluded from documentation in an EA or EIS . . . .

36 C.F.R. § 215.12 (f).

> The procedures for legal notice (§ 215.5) and opportunity to comment (§ 215.6) do not apply to: (a) Projects and activities which are categorically excluded from documentation in an [EIS] or [EA] . . .

36 C.F.R. § 215.4(a).

### Specified Projects

Although Plaintiffs specify that this is a facial challenge to Sections 215.4(a) and 215.12(f), they identify several Forest Service projects or permits in which the Forest Service has implemented these allegedly illegal regulations. These projects or permits are on the following National Forests: (1) Sequoia; (2) Shasta-Trinity; (3) Lassen; (4) Umpqua; (5) Ouachita; (6) Manti-La Sal; (7) Bridger-Teton; and (8) Cibola. These National Forests are located in California, Oregon, Arkansas, Utah, Wyoming, and New Mexico, respectively. Plaintiffs' complaint specifically includes the following projects:

---

[2] Although the 215 Regulations include additional regulations that are not challenged in this action, this Court may sometimes refer to the challenged actions as the 215 Regulations.

[3] For certain projects or permits that affect the environment, NEPA requires the preparation of either an Environmental Assessment ("EA") or an Environmental Impact Statement ("EIS"). An agency is not required to prepare an EIS or an ES when the proposed action falls within a "categorical exclusion" to NEPA's requirements. See, 40 C.F.R. §§1501.4(b), 1502, 1508.4, 1508.9. Categorical exclusions are "actions which do not individually or cumulatively have a significant effect on the human environment and which have been found to have no such effect in [NEPA] procedures adopted by a Federal agency." 40 C.F.R. §1508.4.

3

1  (1) The 100 Giants Improvement Project, a logging project on the sequoia National Forest
2  in California, approved on September 10, 20120.
3  (2) Two recreation use permits for mountain biking, including the Mountain & River
4  Adventures Outfitting and Guiding Ten-Year Permit and Sierra South, Inc. Outfitting and
5  Guiding Ten-Year Permit, on the Sequoia National Forest, approved on February 7,
6  2008.
7  (3) The Big Mountain Roads Removal Project on the Shasta-Trinity National Forest in
8  California, approved on September 10, 2010.
9  (4) The Rim Reforestation Project, a salvage timber sale, on the Lassen National Forest in
10  California, approved on January 7, 2011.
11  (5) The Rainbow Salvage Timber Sale Project on the Umpqua National Forest in Oregon,
12  approved on October 19, 2010.
13  (6) The Jack Creek and Square Rock Burn Units, a prescribed fire project on the Ouachita
14  National Forest in Arkansas, approved March 16, 2011.
15  (7) The Skyline Tractor Salvage timber project on the Manti-La Sal National Forest in Utah,
16  approved on February 4, 2011.
17  (8) The Slate Creek Corrals Special Use Permit Project on the Bridger-Teton National Forest
18  in Wyoming, approved on June 9, 2010.
19  (9) The White Mesa Uranium Exploration project on the Cibola National Forest in New
20  Mexico, approved on September 17, 2010.

## DISCUSSION

### Joinder and Severance

The Forest Service argues that this action, as currently framed, is a non-justiciable facial challenge in which Plaintiffs lump together ten disparate projects for the Court's review. The Forest Service's position appears to be that to the extent that Plaintiffs assert a facial challenge, they lack jurisdiction to pursue this action pursuant to Article III. To the extent that this action is an "as applied" challenge to each of the ten Forest Service projects or permits, this projects are "wildly divergent" and fact specific, and should be severed and transferred to the district where that project is located. Through

this motion, the Forest Service seek "as an alternative to the relief sought in their summary judgment motion," to sever the claims into ten separate lawsuits and, for five of such projects, transfer venue of such claims pursuant to 28 U.S.C. §1404.

This Court has addressed the justiciability question of Plaintiffs' facial challenge by separate order. In its summary judgment motion, the Forest Service argued that this Court lacked jurisdiction to consider a facial challenge to the regulations, because Plaintiffs lacked standing, the claims were not ripe, the statute of limitations barred the challenge, and the Consolidated Appropriations Act of 2012 rendered the action prudentially moot. In its Summary Judgment Decision on Jurisdictional Issue, this Court rejected these arguments and found that Plaintiffs facial challenge satisfied this Court's Article III jurisdictional limitations.

In this motion, the Forest Service continues to argue that this Court lacks jurisdiction to consider a facial challenge of the regulations. The arguments presented presume that this Court lacks jurisdiction of a facial challenge, and seeks an order to sever and transfer the "as applied" challenge of the ten Forest Service projects or permits. Because this Court rejected the Forest Service's jurisdictional challenges to the facial challenge, however, the Forest Service's arguments are based on a faulty premise.

The Forest Service "seek the alternative relief of severance in the event that the Court considers any of the projects named in the Complaint." Def. Mot., 1; Reply, 3. In its Summary Judgment Decision on Jurisdictional Issues, the Court has found that Plaintiffs present a facial challenge to the regulations. There is no evidence either in the Plaintiffs' complaint, in their summary judgment motion, or in its responses to the Forest Service's motion, that Plaintiffs assert an alternative "as applied" challenge to the regulations. This Court shall consider Plaintiffs' claim only as a facial challenge. Because this Court shall not consider an as applied challenge, this Court has no reason to consider the Forest Service's individual decisions of the ten specified projects. Indeed, Plaintiffs make clear that they are not asking this Court to do so. Plaintiffs alleged the projects in the complaint not to challenge them individually, but because they were required to tie their injury to a specific project to establish that they had standing to pursue their facial challenge of the regulations. See Summers v. *Summers v. Earth Island Institute*, 555 U.S. 488 (2009). For these reasons, the Forest Service's alternative request for severance is denied as moot.

Moreover, this Court finds that Plaintiffs' facial challenge of Sections 215.4(a) and 215.12(f) is joined permissibly pursuant to Fed. R. Civ. P. 20. Fed. R. Civ. P. 20(a)(1) permits the joinder of plaintiffs[4] in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

*Id*.; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1350. Fed. R. Civ. P. 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion...the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

The first prong of permissive joinder requires the plaintiffs to demonstrate that "assert any right to relief jointly, or in the alternative with respect to or arising out...[a] series of transactions or occurrences[.]" Fed. R. Civ. P. 20. Plaintiffs can satisfy this prong if either (a) they assert a right to relief jointly or (b) they assert a right arising out of a series of transactions or occurrences. The Federal Defendants arguments that these ten projects are factually divergent relies on the premise that this Court is considering an as applied challenge to each of the projects. As explained above, that is not the case. This Court considers these projects only to the extent that they demonstrate the Forest Service's implementation of the challenged regulations. Accordingly, these projects or permits are based on the same occurrence. In the alternative, all Plaintiffs so assert the same right to relief; namely, an injunction to prevent the Forest Service from further excluding categorically excluded projects from notice, comment, and administrative appeal. Accordingly, Plaintiffs have established the first prong.

Similarly, Plaintiffs have established the second prong of permissive joinder. This facial challenge presents one common question of law–whether Sections 215.4(a) and 215.12(f) are manifestly contrary to the ARA. Indeed, this facial challenge presents only this purely legal issue. Accordingly,

---

[4] Plaintiffs argue that Fed. R. Civ. P. 20 and 21 are inapplicable to plaintiffs, applying only to the permissive joinder and severance of multiple plaintiffs; however, Fed. R. Civ. P. 20(a)(1) specifically addresses permissive joinder of plaintiffs. Moreover, Fed. R. Civ. P. 20(a)(3) addresses both plaintiffs and defendants. Accordingly, this Court rejects this erroneous position on the law.

1  the second prong of permissive joinder is satisfied.

2  This Court further notes that this action satisfies the purpose of Fed. R. Civ. P. 20. The purpose
3  of Fed. R. Civ. P. 20 is to "promote trial convenience and expedite final determination of disputes,
4  thereby preventing multiple lawsuits." *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974).
5  The joinder of Plaintiffs promotes judicial efficiency. Severance of this action would tax not only the
6  resources of this over-burdened court, but also the resources of five other district courts. Severance
7  makes no sense when Plaintiffs have presented a purely legal question in this action.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court DENIES the Forest Service's motion to sever and transfer.

IT IS SO ORDERED.

**Dated:   March 19, 2012**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE