**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEQUOIA FORESTKEEPER, et al. | CASE NO. CV F 11-679 LJO DLB |
| Plaintiffs, | **SUMMARY JUDGMENT DECISION ON MERITS OF PLAINTIFFS' CLAIM** |
| vs. | |
| THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service, and the UNITED STATES FOREST SERVICE, | |
| Defendants. | |

## INTRODUCTION

This action challenges two of the public notice, comment, and administrative appeal regulations that the defendant United States Forest Service ("Forest Service") promulgated in response to the Forest Service Decisionmaking and Appeals Reform Act of 1992, Pub. L. 102-381, Title III,§ 322, 106 Stat. 1419 (16 U.S.C. §1612 note) (October 5, 1991) ("ARA"). The challenged provisions are codified at 36 C.F.R. §§215.4(a) and 215.12(f) (2003).[1] This Court has previously addressed the Forest Service's jurisdictional challenges to this action. In this order, this Court shall address the merits of Plaintiffs'

---

[1] Unless otherwise noted, this Court's citation to a "Section" refers to a section within Chapter 36 of the Code of Federal Regulations.

1

claims. For the following reasons, this Court finds that Sections 215.4(a) and 215.12(f) are manifestly contrary to both the plain language of the ARA and its purpose. Accordingly, this Court GRANTS judgment in favor of Plaintiffs. This Court further GRANTS Plaintiffs their requested relief of a nationwide injunction to enjoin the Forest Service from implementing the invalidated regulations.

## BACKGROUND

### ARA and the 215 Regulations

Prior to 1992, the Forest Service "provided a post-decision administrative appeals process, 36 C.F.R. pt. 217, for agency decisions documented in a 'decision memo,' 'decision notice,' or 'record of decision.'" *Earth Island v. Ruthenbeck*, 490 F.3d 687, 691 (2007). In March 1992, the Forest Service proposed a new regulation that would have eliminated post-decision administrative appeals for all decisions except those approving forest plans or amendments or revisions to forest plans. *Id*. This "proposal was greeted with considerable protest, and environmental groups decried the loss of administrative review." *Id*.

In response, Congress enacted the ARA later in 1992. Among other things, the ARA required the Forest Service to establish a notice, comment and appeal process for "proposed actions of the Forest Service concerning projects and activities implementing land and resource management plans developed under the Forest and Rangeland Renewable Resources Planning Act of 1974...and [to] modify the procedure for appeal of decisions concerning such projects." ARA §322(a).

After the ARA was passed, the Forest Service published a final rule revising the notice, comment and appeal procedures. 68 Fed. Reg. at 33,582 (June 4, 2003) ("2003 Rule"). This rule governs "projects and activities implementing land and resource management plans on National Forest System lands." *Id*. The new regulations are codified at 36 C.F.R. §215 et seq. ("215 Regulations").[2]

### Plaintiffs' Claim

The complaint asserts a facial challenge to Sections 215.4(a) and 215.12(f) pursuant to the Administrative Procedures Act, 5 U.S.C. §701 et seq. ("APA"). Plaintiffs argue that two of the 215 Regulations are manifestly contrary to the ARA. Specifically, Plaintiffs claim that the Forest Service

---

[2] Although the 215 Regulations include additional regulations that are not challenged in this action, this Court may sometimes refer to the challenged actions as the 215 Regulations.

2

has violated the ARA §§ 322(a) and (c) by issuing Sections 215.12(f) and 215.4(a), which exempt all decisions that are categorically excluded from National Environmental Policy Act ("NEPA") analysis.[3] Plaintiffs contend that the implementation of these regulations impermissibly exclude "decision documents" from notice, comment and appeal. Plaintiffs request this Court to find that the Forest Service violated the ARA by enacting Sections 215.4(a) and 215.12(f), invalidate the regulations and issue a nationwide injunction enjoining the Forest Service from implementing them.

The challenged regulations read, in relevant part:

> The following decisions and actions are not subject to appeal under this part, except as noted: . . . (f) Decisions for actions that have been categorically excluded from documentation in an EA or EIS . . . .

36 C.F.R. § 215.12 (f).

> The procedures for legal notice (§ 215.5) and opportunity to comment (§ 215.6) do not apply to: (a) Projects and activities which are categorically excluded from documentation in an [EIS] or [EA] . . .

36 C.F.R. § 215.4(a).

Although it is a facial challenge, Plaintiffs identify several Forest Service projects or permits that the Forest Service has implemented these allegedly unlawful regulations.

**Prior Challenge to the Regulations**

The regulations at issue in this action have been challenged previously. They were invalidated by a district court, which issued a nationwide injunction to enjoin their implementation. The Ninth Circuit affirmed the invalidation and nationwide injunction of these regulations. The Supreme Court, however, found that the plaintiffs lacked standing to challenge the regulations. Thus, the district court and Ninth Circuit opinions were reversed on standing grounds. Because those courts lacked jurisdiction to consider the merits of the plaintiffs' claims, those opinions were invalid and do not control this Court's consideration of the issues presented. Nevertheless, because the parties assert similar arguments that were considered by those courts, a summary of the legal issues addressed in those opinions is

---

[3] For certain projects or permits that affect the environment, NEPA requires the preparation of either an Environmental Assessment ("EA") or an Environmental Impact Statement ("EIS"). An agency is not required to prepare an EIS or an ES when the proposed action falls within a "categorical exclusion" to NEPA's requirements. See, 40 C.F.R. §§1501.4(b), 1502, 1508.4, 1508.9. Categorical exclusions are "actions which do not individually or cumulatively have a significant effect on the human environment and which have been found to have no such effect in [NEPA] procedures adopted by a Federal agency." 40 C.F.R. §1508.4.

instructive.

### *Earth Island Institute v. Penguilly*

Plaintiffs Earth Island Institute and Sequoia Forestkeeper, among others, challenged the 215 Regulations in a separate challenge styled *Earth Island Institute v. Penguilly*, 376 F. Supp. 2d 994 (E.D. Cal. 2005) ("*Penguilly*"). As to the standard of review to be applied, the Court found that "the agency's promulgation of the statute through regulations is entitled to deference, and the reviewing court must determine if the agency's construction of the statute is 'permissible.'" *Penguilly*, 376 F. Supp. 2d at 1003 (quoting *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)). Regarding Sections 215.4(a) and 214.12(f), the district court framed the question as follows: "Under the Chevron analysis, the question presented is whether the Forest Service's construction of the ARA to permit the categorical exclusion of certain projects is a permissible reading of the statute." *Penguilly*, 376 F. Supp. 2d at 1004. After considering the plain language of ARA 322(a), the court concluded: "To read this plain language as allowing exclusion of timber harvest is to 'read into the statute a drastic limitation that nowhere appears in the words Congress chose[.]" *Id*. at 1004-005 (quoting *Hercules, Inc. v. EPA*, 938 F.2d 276, 280 (D.C. Cir. 1991)). The district court found that Sections 215.4(a) and 215.12(f) were "manifestly contrary' to the ARA" and invalidated them. *Id*. at 1005. The district court severed these provisions from Section 215. By separate order, the court issued a nationwide injunction.

### *Earth Island Institute v. Ruthenbeck*

The Forest Service appealed the *Penguilly* decision, which resulted in the Ninth Circuit opinion of *Earth Island Institute v. Ruthenbeck*, 490 F.3d 697 (2006) ("*Ruthenbeck*"). The court affirmed the district court's invalidation of Sections 215.4(a) and 215.12(f) and the nationwide injunction against their enforcement, finding that these regulations were "manifestly contrary to both the language and the purpose of the ARA." *Id*. at 699. The Ninth Circuit found that regulations conflict with the plain language of the ARA because the plain language of the "statute does not provide for any exclusions or exemptions from its requirement that the Forest Service provide notice, comment, and an administrative appeal for decisions implementing Forest Plans." *Ruthenbeck*, 490 F.3d at 697. In addition, the *Ruthenbeck* court found that the regulations were manifestly contrary to the Congressional intent and purpose of the ARA. *Id*. at 698. As to the remedy, the *Ruthenbeck* court ruled that the "nationwide

injunction...is compelled by the text of the" APA. *Id*. at 699.

**Procedural History**

In separate orders, this Court has addressed the Forest Service's challenges to the jurisdiction of this action and the alternative motion to sever and transfer. In this order, this Court shall address the merits of Plaintiffs' claim and the parties' cross-summary judgment motions on this issue. Having considered the parties' arguments, exhibits, the administrative record and the applicable legal authorities, this Court found these motions suitable for a decision without oral argument. Accordingly, this Court vacated the February 2, 2012 hearing pursuant to Local Rule 230(g), and issues the following order.[4]

### STANDARD OF REVIEW

Fed. R. Civ. P. 56 permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." In a summary judgment motion, a court must decide whether there is a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party seeking summary judgment/adjudication bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id*. at 322. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts

---

[4] This Court carefully reviewed and considered the record, including all evidence, arguments, points and authorities, declarations, affidavits, testimony, statements of undisputed facts and responses thereto, objections and other papers filed by the parties. Omission of reference to evidence, an argument, document, objection or paper is not to be construed to the effect that this Court did not consider the evidence, argument, document, objection or paper. This Court thoroughly reviewed, considered and applied the evidence it deemed admissible, material and appropriate for summary judgment. This Court does not rule on evidentiary matters in a summary judgment context, unless otherwise noted.

showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor, but "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968); *T.W. Elec. Serv.*, 809 F.2d at 631. The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).

## DISCUSSION

### "No Set of Circumstances" vs. Chevron Analysis

The Court must first determine the appropriate standard to evaluate the merits of Plaintiffs' claim. Plaintiffs argue that this Court should adopt the "the familiar two-step approach for courts to evaluate agency regulations promulgated pursuant to statute" as set forth in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837. The two-step approach in *Chevron* was explained in *Ruthenbeck*:

> First, courts must examine the statute itself to determine whether Congress has spoken directly to the precise question. If the intent of Congress is clear, that is the end of the inquiry because agencies (and courts reviewing their actions) must give effect to the unambiguously expressed intent of Congress. If an agency's regulation is in conflict with the plain language of the statute, reviewing courts do not owe deference to the agency's interpretation.
>
> Second, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id*. at 843. "In determining whether an agency's construction is permissible, the court considers whether Congress has explicitly instructed the agency

6

> to flesh out specific provisions of the general legislation, or has impliedly left to the agency the task of developing standards to carry out the general policy of the statute." *Tovar v. U. S. Postal Serv.*, 3 F.3d 1271, 1276 (9th Cir. 1993). "When relevant statutes are silent on the salient question, we assume that Congress has implicitly left a void for an agency to fill. We must therefore defer to the agency's construction of its governing statutes, unless that construction is unreasonable." *Chevron*, 467 U.S. at 843-44. Accordingly, "reasonableness" is the standard where courts review regulations under *Chevron's* second step.

490 F.3d at 696-97 (some citations omitted).

The Forest Service assert that because Plaintiffs assert a facial challenge to the regulations, they "have a much higher hurdle than *Chevron* to mount." The Forest Service argues that to prevail in a facial challenge to an agency's regulation, Plaintiffs must show that there is "no set of circumstances" in which the challenged regulation might be applied consistent with the agency's statutory authority. *See Reno v. Flores*, 507 U.S. 292, 301 (1993) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Under the *Salerno* "no set of circumstances" test, this Court is compelled to reject Plaintiffs' facial challenge *in toto* if any provision of the challenged regulations can be valid under any set of circumstances.

The Court is not persuaded by the Forest Service's position that it must apply a standard of review beyond the well-settled *Chevron* two-step analysis to evaluate whether the Forest Service's promulgation of the challenged 215 Regulations pursuant to their government statute. First, the *Chevron* standard is directly on point, and is the well-settled standard of review in this type of action. Second, the *Salerno* formulation has been criticized and questioned by Supreme Court, which rarely applies the "no set of circumstances" test to facial challenges. *See, e.g., City of Chicago v. Morales*, 527 U.S. 41, 55 n.22 (1999) ("To the extent we have consistently articulated a clear standard for facial challenges, it is not the *Salerno* formulation, which has never been the decisive factor in any decision of this Court, including *Salerno* itself."). Morever, to the extent that the *Salerno* "no set of circumstances" test has been applied to facial challenges, those challenges are to a federal law that infringes on either a First or Fourth Amendment right. *See Rocky Mountain Farmers Union v. Goldstene*, – F. Supp. 2d. –, 2011 WL 6934759 (E.D. Cal. 2011) (questioning applicability of Salerno outside of Firth or Fourth Amendment context). To the extent that *Reno*, 507 U.S. 297 extends the "no set of circumstances" test beyond the First or Fourth Amendment context, and into the Fifth and Fourteenth

7

Amendment jurisprudence, *Reno* is distinguishable on the alternative, but important basis, that it concerned a *pre-enforcement* challenge to a regulation. Because the facial challenge was brought before the challenged regulation could be implemented, and with a lack of factual context, the court applied the strictest standard of review. This post-implementation challenge to the Forest Service regulations is distinguishable to the circumstances is *Reno* in both fact and law. For these reasons, this Court shall consider the merits of Plaintiffs' claim pursuant to the *Chevron* standards.

**Validity of Sections 215.4(a) and 215.12(f)**

Plaintiffs argue that ARA §322(a) requires the Forest Service to provide notice, an opportunity to comment, and an opportunity to appeal "projects and activities implementing land and resource management plans developed under the" Forest Plan. Plaintiffs assert that the Forest Service's promulgation of Sections 215.4(a) and 215.12(f), categorically excluding from notice, comment, and administrative appeal any agency decision that does not require an EA or EIS under NEPA, violated the ARA, its governing statute. The Forest Service argues that these regulations were promulgated pursuant to the agency's reasonable interpretation of the ARA.

Pursuant to *Chevron*, the Court first considers, after examining the governing statute, whether Congress has spoken directly to the precise question. 467 U.S. at 842. The question presented by Plaintiffs is whether the plain language of the statute requires administrative notice, comment, and appeal process for "projects and activities implementing land and resource management plans developed under the" Forest Plan.

The ARA provides, in relevant part:

> In accordance with this section, the Secretary of Agriculture, acting through the Chief of the Forest Service, shall establish a notice and comment process for proposed actions of the Forest Service concerning projects and activities implementing land and resource management plans developed under the Forest and Rangeland Renewable Resources Planning Act of 1974 (16 U.S.C. § 1601 et seq.) and shall modify the procedure for appeals of decisions concerning such projects.

16 U.S.C. § 1612 note, § 322(a). The ARA further provides:

> (c) Right to appeal.--Not later than 45 days after the date of issuance of a decision of the Forest Service concerning actions referred to in subsection (a), a person who was involved in the public comment process under subsection (b) through submission of written or oral comments or by otherwise notifying the Forest Service of their interest in the proposed action may file an appeal.

16 U.S.C. § 1612 note, § 322(c).

The plain language of this statute directs that the Forest Service "shall establish" a notice and comment proposed actions for "projects and activities implementing land and resource management plans developed" under the Forest Plan. In subsection (c), the ARA allows any person who has submitted comments the opportunity to appeal the decision. The plain language of the statute does not provide for any exclusions or exemptions from its directive to the Forest Service to provide notice, comment, and administrative appeal for decisions implementing Forest Plans. Thus, this Court concludes that, in the plain language of the statute, Congress has addressed the precise question presented and intended the Forest Service to provide a notice, comment, and administrative process for all projects and permits implemented pursuant to the Forest Plan.

Because the intent of Congress to provide for notice, comment, and appeal to all projects is clear, the agency must give full effect to the unambiguously expressed intent of Congress. *Chevron*, 467 U.S. at 842-43. This Court does not owe deference to the agency's interpretation of the ARA in promulgating its regulations under these circumstances. *Id.*

Notwithstanding this clear language and Congressional intent, Sections 215.12(f) and 215.4(a) exclude from the notice, comment, and appeal process those projects that have been categorically excluded from documentation in an EA or EIS pursuant to NEPA. The regulations provide:

> The following decisions and actions are not subject to appeal under this part, except as noted: ... (f) Decisions for actions that have been categorically excluded from documentation in an EA or EIS....

36 C.F.R. § 215.12(f).

> The procedures for legal notice (§ 215.5) and opportunity to comment (§ 215.6) do not apply to:
> (a) Projects and activities which are categorically excluded from documentation in an [EIS] or [EA] ...

36 C.F.R. § 215.4(a).

The exclusions from notice, comment, and administrative appeal found in Sections 215.12(f) and 215.4(a) are puzzling and conflict with the plain language of the statute. As set forth above, the plain language of the ARA provides that the Forest Service "shall" provide for administrative notice, comment, and appeal. The statutory language does not refer to NEPA. The statute does not provide for

9

any exclusions or exemptions from its requirement that the Forest Service provide notice, comment, and an administrative appeal for decisions implementing Forest Plans. The exclusions in the challenged regulations conflict with the ARA and fail to give full effect to the unambiguously expressed intent of Congress. Accordingly, Sections 215.4(a) and 215.12(f) fail the first step of the *Chevron* analysis. *See Chevron*, 467 U.S. at 842 ("If the intent is clear, that is the end of the matter; for the court, as well as the agency, must give full effect to the unambiguously expressed intent of Congress.")

Even if the ARA were ambiguous or silent, this Court finds that the regulations would also fail the second step of the *Chevron* analysis, which holds:

> If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Id*. at 842-42. The Forest Service argues that the categorical exclusions are the result of its reasonable construction of the statute to distinguish between agency actions requiring an EA or EIS and projects "that lack significant individual or cumulative environmental impacts." The Forest Service relies exclusively on its contention that the regulation warrants Chevron deference as a reasonable construction of the ARA. Plaintiffs argue that the legislative history of the ARA clearly indicates that Congress did not intend to exclude timber sales and other actions from administrative notice, comment, and appeal simply because they are excluded from NEPA analysis. This Court finds Plaintiffs' arguments to be persuasive.

Prior to 1992, when the ARA was passed, the Forest Service made the following actions subject to appeal:

> [P]rojects and activities for which decision documents are prepared, such as timber sales, road and facility construction, range and management and improvements, wildlife and fisheries habitat improvement measures, forest pest management activities, removal of certain mineral materials, land exchanges and acquisitions, and establishment or expansion of winder sports or other special recreational sites.

36 C.F.R. 217.3(b) (1992). The 1992 regulation stated that "decisions documented in a Decision Memo, Decision Notice, or a Record of Decision are subject to appeal under this part." 36 C.F.R. 217.3(a)(1) (1992). In 1992, the Forest Service proposed changes to its appeals process, which would have eliminated the opportunity to appeal project-level decisions. This Court agrees that the ARA was passed

in the face of widespread opposition to the Forest Service's 1992 proposals to eliminate appeals of project-level decisions, as evidenced, *inter alia*, by a conference report and a comment letter from Representative Richardson stating that "[w]e believe that the agency's recent proposal to eliminate appeals of timber sales, oil and gas leases, and other project level activities is a slap in the face of democratic values." 138 Cong. Rec. E2075–02, 1992 WL 157159 (July 2, 1992).

Although the ARA was passed in response to the proposed changes to the appeal process that would have eliminated appeals for agency actions that previously required "decision documents" prior to 1992, the Forest Service promulgated regulations that excluded these decision documents from notice, comment, and administrative appeal. These regulations were an attempt to circumvent the clear intent and purpose of Congress in passing the ARA, and were an impermissible construction of the ARA. To comply with the ARA, the Forest Service should have promulgated regulations that preserved the comment, notice, and appeal for any decisions subject to administrative appeal prior to the proposed changes in 1992. This Court agrees with Plaintiffs' arguments, and *Penguilly'*s and *Ruthenbeck's* conclusions, that the legislative history of the ARA indicates that Congress did not intent to exclude from the notice, comment, and appeal those actions that are categorically excluded from documentation under NEPA.

For the foregoing reasons, this Court finds that the regulations' exemption of actions that are categorically excluded from documentation pursuant to NEPA is manifestly contrary to both the language and purpose of the ARA. Accordingly, this Court finds Sections 215.4(a) and 215.12(f) are invalid.

### **Appropriate Relief**

Plaintiffs seeks a nationwide injunction enjoining implementation of Sections 215.4(a) and 215.12(f). The Forest Service argues that relief should be limited to the Eastern District of California. The parties set forth similar arguments in *Penguilly* and *Ruthenbeck*. Both courts concluded that a nationwide injunctions is the appropriate relief. This Court agrees.

The APA provides, in relevant part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. *The reviewing*

> *court shall...(2) hold unlawful and set aside agency action, findings, and conclusions found to be–(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...*

5 U.S.C. §706 (emphasis added). Pursuant to this statute, this Court must hold unlawful and set aside the regulations that were impermissible interpretations of their governing statute. A geographically-restricted injunction is insufficient, as the Forest Service has no authority to continue to implement ultra vires regulations in any district of the United States. *See also, Nat. Resources Def. Council v. EPA*, 966 F.2d 1292, 1304 (9th Cir. 1992); *Asarco v. EPA*, 616 F.3d 1153, 1162 (9th Cir. 1980). Accordingly, this Court grants Plaintiffs' request for a nationwide injunction of Sections 215.4(a) and 215.12(f).

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS judgment in favor of Plaintiffs and against the Forest Service on the merits of Plaintiffs' claim;
2. GRANTS Plaintiffs' requested relief of a nationwide injunction;
3. ENJOINS the Forest Service from implementing Sections 215.4(a) and 215.12(f); and
4. DIRECTS the clerk of court to enter judgment in favor of Plaintiffs and against the Forest Service in this action.

IT IS SO ORDERED.

Dated:   **March 19, 2012**             /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE